Patricia M. Olsson, ISB No. 3055
Mindy M. Willman, ISB No. 7983
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
pmo@moffatt.com
mmw@moffatt.com
18976.0021

Attorneys for Defendant
Thompson Creek Mining Co.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERMAN ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THOMPSON CREEK MINING CO., a Colorado Corporation doing business in Idaho; and PSYCHEMEDICS CORPORATION, a Delaware Corporation doing business in Idaho,<br><br>　　　　　　Defendants. | Case No. 4:11-cv-00639-BLW<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

### I.    INTRODUCTION

From the outset of this case, Plaintiff Sherman Anderson has pursued contractual damages by alleging that Thompson Creek Mining Co. ("TCM") wrongfully terminated Plaintiff's employment.  To obtain relief, Plaintiff raised various contract, tort, and statutory claims in his various complaints; and all the claims arise from and are based on the contractual relationship that Plaintiff had with TCM.  Plaintiff alleged the existence of an employment

**REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES - 1**

contract with TCM, and he pled the right to recover damages contemplated by contracting parties.  Even after Plaintiff reduced the number of claims and filed the Seconded Amended Complaint, upon which summary judgment was granted, Plaintiff's employment contract and his contract claim for wrongful termination remained an integral part of Plaintiff's overall claim for relief, therefore triggering the application of Idaho Code Section 12-120(3) and entitling TCM to an award of attorney fees under this statute.

## II.     ARGUMENT

### A.     Plaintiff's Contract Claims Trigger the Application of Idaho Code Section 12-120(3).

Idaho Code Section 12-120(3) provides for an award of attorney fees to a prevailing party when, as reflected in the allegations of the complaint, a commercial transaction is integral to a claim and is the basis for recovery.  *Garner v. Povey*, 151 Idaho 462, 469, 471, 259 P.3d 608, 615, 617 (2011).  An actual contract and liability thereunder need not be established for there to be an award of attorney fees.  *Id.* at 469, 259 P.3d at 615.  Rather, "allegations in the complaint that the parties entered into a commercial transaction and that the complaining party is entitled to recover based upon that transaction, are sufficient to trigger the application of I.C. § 12-120(3)."  *Id.* at 470, 259 P.3d at 616.

An employment contract constitutes a commercial transaction for the purpose of Idaho Code Section 12-120(3), and claims to recover on an employment contract trigger application of this statute.  *MacKay v. Four Rivers Packing Co.*, 151 Idaho 388, 257 P.3d 755 (2011) (citing *Willie v. Bd. of Trs.*, 138 Idaho 131, 136, 59 P.3d 302, 307 (2002)).  These claims include breach of the express terms of an employment contract, breach of the implied covenant of good faith and fair dealing in an employment contract, and wrongful termination of an employment contract in violation of public policy, a count that remained in Plaintiff's Second

**REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES - 2**            Client:2915519.1

Amended Complaint. *Id.*; *Willnerd v. Sybase, Inc.*, No. 1:09-CV-500-BLW (Idaho Jan. 20, 2012); *Hummer v. Evans*, 129 Idaho 274, 276-79, 923 P.2d 981, 983-86 (1996); *Atwood v. W. Constr., Inc.*, 129 Idaho 234, 240-41, 923 P.2d 479, 485-86 (Ct. App. 1996).

A party may make a contract an integral part of his claim for relief by including factual allegations regarding the existence of a contract, pleading breach of contract, seeking to recover on the contract, and asking for an award of attorney fees under Idaho Code Section 12-120(3). *See Garner*, 151 Idaho at 471, 259 P.3d at 617; *Sadid v. Idaho State Univ.*, 151 Idaho 932, 936, 265 P.3d 1144, 1148 (2011). A contract may be integral to all claims for relief, even tort claims. *See Esser Elec. v. Lost River Ballistics*, 145 Idaho 912, 921, 188 P.3d 854, 863 (2008) (finding that a commercial transaction was integral to the claims for breach of contract, unjust enrichment and fraud); *Blimka v. My Web Wholesaler*, 143 Idaho 723, 152 P.3d 594 (2007) (holding that Idaho Code Section 12-120(3) does not prohibit "a fee award for a commercial transaction that involves tortious conduct").

Where a party seeks relief on the basis of an employment contract, the fact that the complaint also contains tort or statutory claims does not preclude a finding that a party prevailing on the contract claim is entitled to an award of attorney fees. *See Sadid*, 151 Idaho at 936, 265 P.3d at 1148 (upholding an award of attorney fees on a claim for breach of an employment contract where the plaintiff also claimed retaliation and defamation); *Atwood*, 129 Idaho at 240-41, 923 P.2d at 485-86 (holding that an employer was entitled to an award of attorney fees on the claims for breach of express and implied contract terms but not for the statutory age discrimination claim). If the contract is not integral to all claims, the Court may limit an award of attorney fees to work related to the commercial transaction. *Beco Constr. Co.*

*v. J-U-B Eng'rs Inc.*, 149 Idaho 294, 298-99, 233 P.3d 1216, 1218-19 (2010); *Willie*, 138 Idaho at 136, 59 P.3d at 307.

In this case, Plaintiff's allegations and claims arise from a contract and are clearly sufficient to trigger the application of Idaho Code Section 12-120(3). The original and first amended complaints in this case contain allegations that Plaintiff had an at-will employment contract with TCM and an oral contract modifying the at-will contract. Complaint and Request for Jury Trial (CR 1) ("Complaint") at 11 ¶¶ 62-65, and 16-17 ¶¶ 102, 105; Amended Complaint and Request for Jury Trial (CR 20) ("Amended Complaint") at 11 ¶¶ 65-68, and 16-17 ¶¶ 105, 108. Additionally, they contain allegations that TCM breached the express and implied terms of these contracts and that TCM acted wrongfully by terminating Plaintiff's employment. Complaint at 11 ¶¶ 68, 78, and 16-17 ¶¶ 102, 105, 109; Amended Complaint at 12-13 ¶¶ 71, 81, and 16-17 ¶¶ 105, 108, 112. Based on these claims, Plaintiff requested various contract damages, including back pay and benefits as well as "[a]ll damages contemplated by contracting parties." Complaint at 23-24 ¶¶ 1-3; Amended Complaint at 25-26 ¶¶ 1-3. He also asked for an award of attorney fees under Idaho Code Section 12-120(3). Complaint at 24 ¶ 6; Amended Complaint at 26 ¶ 6.

Although Plaintiff removed some contractual counts and allegations from the Second Amended Complaint, Plaintiff did not remove the wrongful termination claim, which the Court has recognized is a contract claim. *See Willnerd*, No. 1:09-CV-500-BLW at 4-5. He also continued to seek contract damages, including "[a]ll damages contemplated by contracting parties." Second Amended Complaint and Request for Jury Trial (CR 53) at 6 ¶¶ 24-25 and 7 ¶ 3. Moreover, Plaintiff did not seek leave to file the Second Amended Complaint until after the parties had engaged in discovery and it was time to file motions for summary judgment. *See*

**REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES - 4**

Motion for Leave to Amend Plaintiff's Amended Complaint and Request for Jury Trial (CR 34), filed January 18, 2013.

Plaintiff's voluntary dismissal of some of the contractual allegations prior to summary judgment does not negate that an employment contract and the contract claims were an integral part of the case up to and through summary judgment. TCM was required to defend against the contractual claims and the request for contractual damages. Accordingly, TCM is entitled to recover attorney fees incurred in the defense of this case.

### B. TCM Is the Prevailing Party.

The Court granted the relief TCM requested by granting summary judgment in its favor and dismissing Plaintiff's claims for relief. Accordingly, TCM is the prevailing party in this case and is entitled to an award of attorney fees under Idaho Code Section 12-120(3).

### C. TCM's Award of Attorney Fees Should Not Be Reduced.

Plaintiff argues that TCM's attorney fees should be reduced because this was not a "highly contentious case of prolonged and intense legal jousting." However, Plaintiff raised the complexity level of the case by filing nine counts against TCM in his initial Complaint and a total of ten counts against TCM in the first Amended Complaint. These claims resulted in the need to take numerous depositions and engage experts, as well as to conduct written discovery. Additionally, the case involved two defendants, not just one, thus creating more issues and the need to spend more time on the case. The time spent defending this case was not unreasonable and was necessary for TCM to prevail.

Plaintiff further argues that overall time spent on this case was unreasonable, but Plaintiff has not indentified any particular task that was unreasonable or unnecessary in preparing the defense of this case. Conclusive allegations that attorney fees are excessive do not

establish that attorney fees are unreasonable. *In re Univ. Place/Idaho Water Ctr.*, 146 Idaho 527, 545, 199 P.3d 102, 120 (2008).

Finally, Plaintiff argues that TCM's attorney fee award should be reduced in the interest of equity because Plaintiff is in financial straits.  However, Plaintiff has not cited any Idaho case law demonstrating that the financial status of a party is an appropriate factor for the Court to consider in determining the amount of attorney fees to award to a prevailing party under Idaho Code Section 12-120(3).  Moreover, Plaintiff ignores the fact that Plaintiff was not required to bring a claim against TCM and it would be inequitable for TCM to bear the cost of attorney fees to defend against claims that had no factual and legal basis.  Thus, the Court should not reduce TCM's award of attorney fees based on Plaintiff's financial status.

### III.   CONCLUSION

For the foregoing reasons and the reasons set forth in the memorandum in support of the motion for attorney fees, TCM requests entry of an order against Plaintiff Sherman Anderson granting TCM the full amount of its requested attorney fees.

DATED this 24th day of June, 2013.

>                     MOFFATT, THOMAS, BARRETT, ROCK &
>                         FIELDS, CHARTERED
>
>
>                     By_____/S/_____
>                         Patricia M. Olsson – Of the Firm
>                         Attorneys for Defendant Thompson
>                         Creek Mining Co.
>
>
>                     By_____/S/_____
>                         Mindy M. Willman – Of the Firm
>                         Attorneys for Defendant Thompson
>                         Creek Mining Co.

**REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES - 6**                    Client:2915519.1

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 24th day of June, 2013, I filed the foregoing **REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Bron M. Rammell**
**Bryan N. Henrie**
bron@mrtlaw.net
bryan@mrtlaw.net
*Attorneys for Plaintiff*

                  /S/
                  Patricia M. Olsson