IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERMAN ANDERSON,<br><br>     Plaintiff,<br><br>     v.<br><br>THOMPSON CREEK MINING CO., a Colorado Corporation doing business in Idaho; and PSYCHEMEDICS CORPORATION, a Delaware Corporation doing business in Idaho,<br><br>     Defendants. | Case No. 4:11-CV-639-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Thompson Creek's motion for attorney fees seeking $128,916 in fees. The Court also has before it plaintiff Anderson's motion for reconsideration and motion to amend complaint. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant in part the motion for fees, awarding $41,324.76, and will deny both of Anderson's motions.

## ANALYSIS

### Thompson Creek's Motion for Attorney Fees

This case was filed on December 16, 2011. Plaintiff Anderson claimed he was fired by defendant Thompson Creek following a positive drug test. The gravamen of the case as originally pled was divided equally between tort allegations and breach of contract allegations. In his original complaint, Anderson alleged that defendant Thompson Creek breached his contract of employment by firing him for the positive drug

**Memorandum Decision & Order – page 1**

test, and he also alleged that Thompson Creek and co-defendant Psychemedics Corporation were negligent in the way they conducted the drug test.

The case remained in that posture for about a year, until January 18, 2013, when Anderson filed a motion to amend his complaint. His proposed Second Amended Complaint dropped nine claims and focusing almost exclusively on allegations that Thompson Creek violated a statute – the Idaho Private Employer Alcohol and Drug-Free Workplace Act (the Act) – when it fired him. Thompson Creek stipulated that Anderson could amend his complaint. After the Second Amendment Complaint was filed, Thompson Creek filed its motion for summary judgment. The Court granted that motion on the ground that the Act did not provide for a private right of action under the circumstances of this case. Thompson Creek is now seeking to recover its attorney fees.

Thompson Creek is clearly the prevailing party. Under Idaho Code § 12-120(3), the prevailing party recovers its attorney fees "in any civil action to recover on a . . . contract relating to . . . any commercial transaction." Actions brought for breach of an employment contract are considered commercial transactions and are subject to the attorney fee provisions of § 12-120(3). *Mackay v. Four Rivers Packing Co.,* 257 P.3d 755 (Id.Sup.Ct. 2011). In determining whether to award fees under § 12–120(3), "the critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." *Clayson v. Zebe,* 280 P.3d 731, 739 (Id.Sup.Ct. 2012) (internal quotations omitted).

**Memorandum Decision & Order – page 2**

The central issue here is whether all of the fees Thompson Creek incurred – $128,916 – related to a contract action that qualifies for a fee award under § 12-120(3), or whether a portion was incurred in defending tort and statutory violation charges that do not so qualify.  *See Northwest Bec-Corp v. Home Living Service,* 41 P.3d 263, 270 (Id.Sup.Ct. 2002) (holding that claims based on tort or statutory violations do not qualify for a fee award under § 12-120(3)).  For example, in a case where the underlying action was for breach of an employment contract, attorney fees incurred litigating a claim of breach of fiduciary duty – a tort claim – were not recoverable under § 12-120(3).  *See Prop. Mgmt. West, Inc. v. Hunt,* 126 Idaho 897, 894 P.2d 130 (1995).

During the first year of the present case, the gravamen of the action was roughly divided equally between contract and tort claims.  But when Anderson filed his motion to amend on January 18, 2013, the gravamen of this case changed substantially.  The Second Amended Complaint focused on a statutory violation.  From January 18, 2013, onward, this case was no longer a breach of contract case and Thompson Creek is not entitled to its fees after this point.  That accounts for $46,266.48 of the total fees sought.  *See Olsson Affidavit (Dkt. No. 57-2).*  Subtracting that sum from the total amount of fees sought yields a new figure of $82,649.52.  That sum represents the fees incurred from the beginning of this litigation until the date Anderson proposed to change the nature of this case.

As stated above, the fees incurred during this period were roughly divided in an equal manner between contract and tort allegations.  The tort claims alleged that the drug test was conducted negligently, and the fees incurred by Thompson Creek in defending

**Memorandum Decision & Order – page 3**

those allegations cannot be recovered under § 12-120(3).  This Court has the discretion to apportion the fee award to take into account the separate nature of the claims.  *See Willie v. Board of Trustees,* 59 P.3d 302, 307 (Id.Sup.Ct. 2002) (affirming apportionment of fees to include those related to employment contract claims and exclude those related to statutory and constitutional claims).  The Court will accordingly reduce the figure of $82,649.52 by 50% and award fees of $41,324.76.

**<u>Anderson's Motion to Reconsider</u>**

Anderson asks the Court to reconsider its ruling that the Act provides for no private right of action.  The Court considered these arguments in its ruling and can find no reason to reconsider them at this point.  As the Court held, compliance with the Act is voluntary.  If the employer complies with the Act, he reaps its benefits, including having the fired employee be deemed guilty of misconduct.  This renders the employee ineligible for unemployment benefits, and the employer is not exposed to an increase in his unemployment tax.  It is undisputed that Anderson received unemployment benefits here, a clear signal that Thompson Creek was not in compliance with the Act.  Moreover, Thompson Creek's policy did not provide employees with the right to a mandatory second test on the same sample, *see Exhibit G (Dkt. No. 41-7)* as required by the Act.  *See* I.C. § 72-1704(7).  Anderson's own expert states that Thompson Creek "failed to perform [Anderson's] drug test . . . in compliance with the [Act]" by failing to give him the opportunity for a second test on the same sample and by failing to give him the notice required by the Act.  *See Swotinsky Affidavit (Dkt. No. 47)* at ¶¶ 9, 10.  The evidence points only in one direction – Thompson Creek did not comply with the Act.

**Memorandum Decision & Order – page 4**

As the Court previously held, when an employer fails to comply with the Act, the Act simply falls out of the picture, and the employee is left to his common law remedies. In that situation, as the Court discussed in detail, the employee cannot sue the employer for failing to comply with the Act because the Legislature clearly made compliance voluntary. The Court refuses to reconsider that ruling and so will deny this motion.

**Anderson's Motion to Amend Complaint**

Anderson seeks to amend his complaint under Rules 15 and 16 to add a claim for invasion of privacy. The motion was filed about two months after the Court entered judgment dismissing the entire case. Once final judgment has been entered, "a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996). Anderson has not filed any motion under Rule 59 or 60, and his present motion cannot be construed as a motion under those rules because in it he argues that "[i]t clearly is not necessary for plaintiff to establish any basis under Rule 59 or 60 to reopen the case." *See Anderson Brief (Dkt. No. 69)* at p. 3. *Lindauer* holds otherwise and requires that the Court deny this motion to amend.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees (docket no. 57) is GRANTED, and that defendant Thompson Creek be awarded $41,324.76 in attorney fees from plaintiff Sherman Anderson.

**Memorandum Decision & Order – page 5**

IT IS FURTHER ORDERED, that the motion for reconsideration (docket no. 59) and the motion to amend complaint (docket no. 66) are DENIED.

DATED: March 12, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court